UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAUL GERHART,**

      **Plaintiff,**

v.                                    Case No.

**ESNC TAMPA LLC, a Florida
Limited Liability Company, and
EBBE VOLLMER,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL GERHART (hereafter "Plaintiff"), hereby sues Defendants, ESNC TAMPA LLC, a Florida Limited Liability Company ("ESNC"), and EBBE VOLLMER ("Vollmer") (collectively "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff seeks an award of liquidated damages, back-pay, and compensatory damages against Defendants based upon violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

2. Subject matter jurisdiction over this action is based upon the existence of federal question jurisdiction based on FLSA claims that arise under federal law. The federal statute conferring original subject matter jurisdiction over this action is 28 U.S.C. § 1331.

3. At all times material to this action, Plaintiff was a citizen of Hillsborough County, Florida; Defendant ESNC was and is registered under the laws of Florida and had its principal place of business in Tampa, Fla. Defendant Vollmer, as ESMC Registered Agent and alter ego, resides in Tampa, Fla.

4. Defendants are employers who own and operate EBBE, an upscale restaurant employing several highly-trained chefs who, in addition to cooking and preparing dishes, also serve dishes to their respective customers. Plaintiff was hired as a chef at EBBE.

5. Defendants are subject to general and specific personal jurisdiction in this Court under Section 48.193, Florida Statutes. Plaintiff's causes of action under the FLSA arose from Defendants' continued employment of Plaintiff in the State of Florida as a permanent employee.

6. Venue is appropriate in the Middle District of Florida under the FLSA as the place Plaintiff was and would be working if the statutory violations of which Plaintiff complains had not taken place.

## FACTUAL ALLEGATIONS

7. Plaintiff was a chef employed full-time by Defendants in or before May 2023.

8. Plaintiff and the rest of Defendants' employees (excluding Vollmer) received tips from Defendants' customers.

9. All tips collected by Defendants' employees, excluding Vollmer, were to be pooled together to be shared equally amongst themselves.

10. Vollmer gained access to the tip pool and never disbursed any tips in the pool to the employees, and personally elected to keep it for himself instead.

11. After Plaintiff noticed that he was not receiving his tips, he approached Defendants to complain about the violation of 29 C.F.R. § 531.52.

12. Shortly after Plaintiff's lodging his complaint, Defendants cut Plaintiff's hours back so severely that Plaintiff was effectively discharged.

### COUNT I - RECOVERY OF MISAPPROPRIATED TIPS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

13. Plaintiff incorporates paragraphs 1 through 12 as if fully stated herein.

14. Throughout Plaintiff's employment, Defendants refused to allow Plaintiff to retain the full amount of his tips.

15. Plaintiff is entitled to recover from Defendants the full amount of tips misappropriated.

16. Plaintiff is entitled to actual and liquidated damages.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendants to disgorge any tips misappropriated from Plaintiff, pay to Plaintiff back-pay and liquidated damages and compensatory

damages, an award of reasonable attorney's fees and costs pursuant to the FLSA, and such further relief as the Court deems just and equitable.

## COUNT II - RETALIATORY DISCHARGE UNDER THE FLSA

17. Plaintiff incorporates paragraphs 1 through 12 as if fully stated herein.

18. Plaintiff engaged in protected activity by complaining of a practice that violates the FLSA -- failure to disburse tips in violation of 29 C.F.R. § 531.52.

19. Plaintiff was effectively discharged in retaliation for his complaints of violations of the FLSA.

20. Plaintiff is entitled to actual and liquidated damages, back-pay, and compensatory damages for the sudden loss of income.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendants to pay to Plaintiff back-pay and liquidated damages and compensatory damages, an award of reasonable attorney's fees and costs pursuant to the FLSA, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all claims so triable.

Respectfully submitted,

/s/ Craig L. Berman

_____

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue NE, Suite 706
St. Petersburg, FL 33701
727-550-8989
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**