UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAUL GERHART,**

    Plaintiff,

v.                                          Case No. 8:23-cv-01368-WFJ-AAS

**ESNC TAMPA, LLC, and
EBBE VOLLMER,**

    Defendants.

_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss (Dkt. 15) filed by Defendants ESNC Tampa, LLC and Ebbe Vollmer (collectively, "Defendants") and Plaintiff's Response (Dkt. 16). Upon careful consideration, the Court denies the Motion as to Count I and grants it as to Count II with leave to amend.

### LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering the

motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## BACKGROUND

In May 2023, Plaintiff was employed full-time at Defendants' restaurant in Tampa, Florida. Dkt. 1 ¶ 4, 7. Plaintiff's job title was "chef," but his duties included serving the dishes he prepared to his assigned customers. *Id.* ¶ 4. These customers tipped Plaintiff. *Id.* ¶ 8. However, Plaintiff alleges that he "was not receiving his tips." *Id.* ¶ 11. Plaintiff asserts that Defendant Vollmer "gained access to the tip pool and never disbursed any tips in the pool to the employees," instead keeping them for himself. *Id.* ¶ 10.

Plaintiff complained to Defendants about Vollmer's practice of keeping tips. *Id.* ¶ 11. Shortly after, Plaintiff's hours were cut. *Id.* ¶ 12. Plaintiff asserts that this reduction of hours "effectively discharged" him. *Id.* In his Response, Plaintiff clarifies that, after he complained about Vollmer's alleged tip misappropriation, he was "only scheduled one day per week in retaliation." Dkt. 16 at 7.

2

Plaintiff filed the instant two-count Complaint on June 20, 2023. Under Count I, tip misappropriation in violation of the Fair Labor Standards Act ("FLSA") and 29 C.F.R. § 531.52, Plaintiff seeks disgorgement of the misappropriated tips, back-pay, liquidated damages, compensatory damages, attorney's fees, and costs. Dkt. 1 ¶ 16. Under Count II, FLSA retaliation, Plaintiff asks for actual and liquidated damages, back-pay, and compensatory damages. *Id.* ¶ 20.

Defendants argue that the Complaint should be dismissed for four reasons: (1) Plaintiff was not a "tipped employee," as that term is defined in the FLSA, and thus the statutes and regulations under which he brings his Complaint do not apply to him, Dkt. 15 at 3–4; (2) Plaintiff's voluntary resignation cannot be construed as retaliation, *id.* at 4; (3) as an officer of a limited liability company, Defendant Vollmer cannot be held individually liable for the actions of the LLC, *id.* at 4–6; and (4) the Complaint is an impermissible shotgun pleading, *id.* at 6.

Plaintiff responds that: (1) because he interacted directly with guests, he was a tipped employee under the FLSA, Dkt. 16 at 1; (2) he was constructively discharged via a "deliberate sharp reduction in hours," *id.* at 7; (3) Defendant Vollmer is individually liable as an officer involved in the restaurant's day-to-day operations, *id.* at 4; and (4) the Complaint states sufficient facts to make out a claim, *id.* at 4–6.

3

## DISCUSSION

The Complaint pleads sufficient facts to state a violation of the FLSA's prohibition on tip misappropriation, but not a claim of FLSA retaliation. Thus, the Motion to Dismiss is due to be denied as to Count I and granted as to Count II. The Court will address each of Defendants' proposed grounds for dismissal below.

*A. Whether Plaintiff qualifies as a "tipped employee" is irrelevant to his claim.*

Defendants argue that "[t]o qualify for a claim under 29 C.F.R. § 531.52, the Plaintiff must meet the 'tipped employee' criteria as defined in Section 3(t) of the Fair Labor Standards Act." Dkt. 15 at 4. This argument is based on an incomplete reading of Section 3, as codified at 29 U.S.C. § 203.

29 U.S.C. § 203(m) has long addressed the concept of a tip credit, which applies to employers of "tipped employees." 85 Fed. Reg. 86756, 86757 (Dec. 30, 2020). For tipped employees, i.e. employees who "customarily and regularly receive[] more than $30 a month in tips," § 203(t), employers may credit earned tips towards the minimum wage obligation, as long as the employer pays a $2.13 cash wage and the employee earns at least minimum wage once tips are included, § 203(m)(2)(A).

In 2018, Congress added a new provision to § 203(m). 85 Fed. Reg. at 86759. Section 203(m)(2)(B) states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep

4

any portion of employees' tips." Binding Department of Labor ("DOL") regulations further clarify that, while "[a] manager or supervisor may keep tips that he or she receives directly from customers based on the service that he or she directly and solely provides," managers or supervisors may not "keep any portion of an employee's tips." 29 C.F.R. § 531.52(b)(2).

While 29 U.S.C. § 203(m)(2)(A) specifically references "tipped employees," § 203(m)(2)(B) makes no such reference. The parallel sections of DOL's enacting regulations follow suit. Title 29 C.F.R. § 531.52(a), which expressly references 29 U.S.C. § 203(m)(2)(A), mentions tipped employees, but § 531.52(b), enacting 29 U.S.C. § 203(m)(2)(B), does not. The Court will assume that the omission of the term of art "tipped employees" in § 203(m)(2)(B) and § 531.52(b) is intentional. *See Keene Corp. v. U.S.*, 508 U.S. 200, 208 (1993) ("Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting *Russello v. U.S.*, 464 U.S. 16, 23 (1983) (cleaned up)).

Thus, the Court concludes that § 203(m)(2)(B)'s prohibition on employers keeping employee tips applies to all tips received by all employees, whether or not those employees qualify as "tipped" under § 203(m)(2)(A). The Complaint alleges that Plaintiff was Defendants' employee, and that Defendant Vollmer kept Plaintiff's

5

tips.[1] Dkt. 1 ¶¶ 7–10. This is sufficient to state a claim under 29 U.S.C. § 203(m)(2)(B) and 29 C.F.R. § 531.52(b).

*B. Defendant Vollmer may be held jointly and severally liable for the alleged misconduct.*

Next, Defendants argue that Defendant Vollmer, as an officer of the LLC, should not be held individually liable for the alleged misconduct of ESNC. Dkt. 15 at 5. This argument is inconsistent with both the statute and Eleventh Circuit precedent.

Under the FLSA, the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986). An officer, particularly one with "significant ownership interest," is personally liable when he is "involved in the day-to-day operation" of the business or has "some direct responsibility for the supervision of the employee." *Id.* at 638 (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511–14 (1st Cir. 1983)).

---

[1] The Court notes that Plaintiff may well qualify as a tipped employee. Plaintiff states that "in addition to cooking and preparing dishes, [he] also serve[d] dishes to [his] respective customers," Dkt. 1 ¶ 4, who tipped him, ¶ 8. This establishes Plaintiff as an employee who "customarily and regularly" receives tips. *See* 29 U.S.C. § 203(t).

6

The Complaint would benefit from more facts demonstrating that Defendant Vollmer is involved in the day-to-day operation of the business or has direct responsibility for supervising employees. At the same time, the Court may draw reasonable inferences while construing the facts in a light most favorable to the Defendant. The allegations that Defendant Vollmer had access to the tip pool and the ability to keep tips, Dkt. 1 ¶ 10, allows the Court to infer some involvement in the restaurant's day-to-day operations. Therefore, the Court may reasonably infer that, under 29 U.S.C. § 216(b), Defendant Vollmer may be personally liable for the alleged misconduct.

*C. The Complaint is not a shotgun pleading.*

Defendants further suggest that the Complaint should be dismissed because it is an impermissible shotgun pleading. Dkt. 15 at 6. In *Weiland v. Palm Beach County*, the Eleventh Circuit identified four types of shotgun pleadings: (1) complaints in which each count "adopts the allegations of all preceding counts"; (2) complaints that are "replete with conclusory, vague, and immaterial facts"; (3) complaints that fail to separate each cause of action into separate counts; and (4) complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. 792 F.3d 1313, 1321−23 (11th Cir. 2015). No matter the type, all shotgun pleadings exhibit the "unifying characteristic" of failing to give defendants "adequate notice of the claims against them and the

grounds upon which each claim rests." *Id.* at 1323. Essentially, Defendants label the Complaint a shotgun pleading because it makes broad allegations without specifying which claim is against which defendant. Dkt. 15 at 6.

The instant Complaint is not a shotgun pleading. Plaintiff states that Defendant Vollmer is an alter ego of ESNC. Dkt. 1 ¶ 3. Additionally, given that only a natural person can actually misappropriate tips or cut hours, it is reasonable to infer that the Complaint imputes the specific misconduct to Defendant Vollmer and asks the Court to hold ESNC Tampa LLC jointly and severally liable for that misconduct. The Court finds that the Complaint gives each Defendant adequate notice of the claims against him/it and the grounds upon which each complaint rests.

*D. The Complaint fails to plead causation for its FLSA retaliation claim.*

Defendants next argue that Plaintiff voluntarily resigned, and that Plaintiff's resignation was "uninfluenced by any actions or intentions on the part of the Defendant." Dkt. 15 at 4. Defendants additionally posit that Plaintiff's alleged discharge could not be retaliatory because the relevant law and statutes do not apply to him as a non-tipped employee. *Id.* Finally, Defendants assert that "the Complaint fails to eliminate other plausible explanations for the reduction in the Plaintiff's work hours." *Id.* The Court interprets these arguments as, in essence, an allegation that Plaintiff failed to state the elements of an FLSA retaliation claim.

The McDonnell Douglas burden-shifting analysis applies to claims of FLSA retaliation. *See Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000). To state a claim of FLSA retaliation, Plaintiff must show that: (1) he engaged in FLSA-protected activity; (2) he suffered an adverse action by the employer; (3) the employer's adverse action was causally connected to Plaintiff's protected activity. *Id.* Once Plaintiff makes this showing, Defendants will have an opportunity to submit legitimate reasons for the adverse action, which Plaintiff may then attempt to rebut as pretext. *Id.* at 1343. Thus, Plaintiff need not address all plausible reasons for Defendants' reduction of his work hours at this stage of the pleadings.

Additionally, as the Court explained above, the relevant statutes and regulations apply to Plaintiff whether or not he was a tipped employee. However, Plaintiff ultimately failed to make out a prima facie case of retaliation. While he adequately pled a protected activity and an adverse action, he did not state sufficient facts to establish causation.

First, the Complaint adequately pled that Plaintiff engaged in a protected activity. By complaining about Defendants' alleged FLSA violation, Plaintiff was "asserting [his] rights under the statute." *Id.* at 1342. This is protected activity. *Id.*; *see also E.E.O.C. v. White and Son Enters.*, 881 F.2d 1006, 1011 (11th Cir. 1989).

Further, Plaintiff adequately pled an adverse action—but not in the form of constructive discharge. "Before finding a constructive discharge, [the Eleventh

9

Circuit] has traditionally required a high degree of deterioration in an employee's working conditions, approaching the level of intolerable." *Perez v. Anastasia M. Garcia, PA*, 701 F. App'x 938, 941 (11th Cir. 2017) (quoting *Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1527 (11th Cir. 1991). The intolerable working conditions must be "pervasive." *Id.* Poor conditions occurring over a short period of time are less likely to be sufficiently pervasive to support a constructive discharge claim. *See Hill*, 934 F.2d at 1527; *Tran v. Nomad Group LLC*, No. 8:20-cv-1945-CEH-SPF, 2022 WL 4553301, at *9 (M.D. Fla. July 8, 2022) (holding that a one-week reduction in hours was not "pervasive" and declining to find constructive discharge). The Complaint merely states that "shortly after" Plaintiff lodged his FLSA complaint, Defendants cut his work hours "so severely" that he was "effectively discharged." Dkt. 1 ¶ 12. The Court cannot find constructive discharge on the basis of these vaguely pled facts.

This does not mean, however, that Plaintiff failed to state an adverse action. A reduction in work hours, on its own, constitutes an adverse action if it causes a subsequent decrease in take-home pay. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006); *see also Tran*, 2022 WL 4553301 at *9 (applying *Cotton* to an FLSA retaliation claim). Because Plaintiff received tips, the Court can reasonably infer that working fewer hours resulted in less pay.

Ultimately, however, Plaintiff failed carry his prima facie burden. The Complaint does not state factual content that allows the Court to reasonably infer causation. One way to plead the necessary "but for" causation, *Wolfe*, 200 F.3d at 1343, is to allege "close temporal proximity," *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). "But mere temporal proximity, without more, must be 'very close.'" *Id.* (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

Neither the Supreme Court nor the Eleventh Circuit have defined "very close," except to note that a period of three to four months is not close enough. *Id.*; *see also Johnson v. Miami-Dade Cnty*, 948 F.3d 1318, 1328 (two month time period between protected activity and adverse action is not enough, standing alone, to show causation); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006 (two week window is "probably insufficient to establish pretext by itself"). On the other hand, three days is sufficiently close. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, -- (11th Cir. 2023).

The Complaint does not specify how much time elapsed between Plaintiff's protected activity and the adverse action. It simply states that Plaintiff's hours were cut "shortly" after he complained. Dkt. 1 ¶ 12. If it relies solely on temporal proximity to establish causation, the Complaint must state a more specific time frame.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 15) is **DENIED** as to Count I and **GRANTED WITHOUT PREJUDICE** as to count II. Should Plaintiff choose to amend, he should do so within twenty-one (21) days.

**DONE** and **ORDERED** at Tampa, Florida, on November 16, 2023.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record