## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PAUL GERHART**,

    Plaintiff,

v.                                      Case No. 8:23-cv-01368-WFJ-AAS

**ESNC TAMPA, LLC**, and
**EBBE VOLLMER**,

    Defendants.

_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss Amended Complaint (Dkt. 23) filed by Defendants ESNC Tampa, LLC and Ebbe Vollmer (collectively, "Defendants"). Plaintiff filed a Response (Dkt. 24). Upon careful consideration, the Court denies the Motion as to Count I and grants it as to Count II, with leave to amend.

## LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* In considering the motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## BACKGROUND

In May 2023, Defendants opened EBBE, an upscale restaurant where the food is prepared and served by highly-trained chefs who are assigned specific customers. *Id.* at 2. The customers tipped their respective chefs. *Id.* Plaintiff was employed full-time as one of these chefs. *Id.* He asserts that all tips received by the employees were to be pooled together and shared equally. *Id.* at 3. Allegedly, Defendant Vollmer gained access to the tip pool and never disbursed any money to the employees, instead keeping it for himself. *Id.* Plaintiff approached Defendant Vollmer to complain about the missing tips. *Id.*

Plaintiff asserts that "shortly after" he lodged his complaint, Defendants cut his hours from full-time to once a week. Dkt. 22 ¶ 12. Additionally, he states that Defendants became hostile "immediately" after the complaint and allowed less experienced personnel, who did not complain about the missing tips, to work his

2

usual hours. *Id.* ¶ 20. Plaintiff further alleges that, when he asked Defendant Vollmer about his cut hours, Defendant Vollmer did not provide any rationale. *Id.*

After Plaintiff filed his initial Complaint, Defendants moved to dismiss pursuant to Rule 12(b)(6). The Court denied the Motion as to Count I and granted it as to Count II. Dkt. 20 at 12. As to Count II, the Court noted that if Plaintiff relies solely on temporal proximity to establish the causation prong of his FLSA retaliation claim, he must state a specific amount of time. Dkt. 20 at 11. Plaintiff filed an Amended Complaint, and Defendants followed suit with the instant Motion. Like the original Complaint, the Amended Complaint brings claims of tip misappropriation and FLSA retaliation. Dkt. 22 at 3–5.

Defendants argue that Count I should be dismissed because Plaintiff failed to provide evidence to demonstrate that he was eligible for the tip pool or that the tipping arrangement applied to him. Dkt. 23 at 4. They ask the Court to dismiss Count II because Plaintiff did not specify how much time elapsed between his protected activity an Defendants' allegedly adverse action. *Id.* at 5.

In response, Plaintiff points to the Court's previous ruling that he sufficiently stated a claim for tip misappropriation. Dkt. 24 at 1. As to Count II, he argues that he need only show the protected activity and adverse action are not "wholly unrelated." *Id.* at 2.

3

For the reasons outlined below, the Court denies Defendants' Motion as to Count I and grants it as to Count II.

## DISCUSSION

The Court will address each count in turn.

A. *Count I pleads tip misappropriation with facial plausibility.*

Defendants argue that Count I "lacks specific factual details" and instead makes "general statements without substantiation." Dkt. 23 at 4. Specifically, they complain that Plaintiff failed to present evidence that EBBE had a mandatory tip pool or that, if such a pool existed, Plaintiff was eligible to participate. *Id.*

As an initial matter, the Court has already ruled that Count I states a claim for tip misappropriation that is plausible on its face. Dkt. 20 at 4–6. Count I of the Amended Complaint is identical to Count I of the original Complaint. *Compare* Dkt. 22 ¶¶ 13–16 *with* Dkt. 1 ¶¶ 13–16. Furthermore, Plaintiff is in no way obligated to provide detailed factual allegations—much less provide evidence—for his claims at this stage of litigation. *Bell Atl. Corp.*, 550 U.S. at 555; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). Finally, the FLSA's prohibition on tip misappropriation applies regardless of tip-sharing arrangement. 29 C.F.R. § 531.52(b)(1). As the Court stated in its previous order, all Plaintiff must do to state a claim for misappropriation is allege that he received tips and Defendants kept them. Dkt. 20 at 5–6. Count I so alleges, so it survives Defendants' Motion.

4

B. *Count II fails to plead adequate causation.*

For the Plaintiff to successfully state a claim of FLSA retaliation, he must show that: (1) he engaged in a protected activity; (2) he suffered an adverse action by the employer; and (3) the employer's adverse action was causally connected to the plaintiff's protected activity. *Wolf v. Coca Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000). Defendants argue that Count II fails to plead adequate causation because: (1) Plaintiff voluntarily resigned; (2) the Complaint does not "eliminate other plausible explanations" for the work-hours reduction; and (2) the Complaint does not specify how much time elapsed between his protected activity and the alleged adverse action. Dkt. 23 at 5. The Court agrees that Count II failed to state a claim of FLSA retaliation, but not for all the reasons stated by Defendants.

First, whether or not Plaintiff resigned voluntarily or was constructively discharged is immaterial. As the Court stated in its prior Order, a reduction in working hours qualifies as an adverse action, if the reduction results in decreased wages. Dkt. 20 at 10 (citing *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006)). The Court also explained in its prior Order that, in order to survive a motion to dismiss, an FLSA plaintiff does not have to eliminate other plausible explanations for the adverse action. Dkt. 20 at 9 (citing *Wolf*, 200 F.3d at 1342–43). It is Defendants' burden to put forth legitimate reasons for cutting

5

Plaintiff's work hours, and Plaintiff need not rebut those reasons until Defendants have carried their burden. *Id.*

However, Plaintiff failed to state causation because he ignored the Court's instruction to "state a more specific time frame" if relying solely on temporal proximity to establish causation. Dkt. 20 at 11. Citing *Farley v. Nationwide Mut. Ins. Co.*, Plaintiff argues that he need only show his protected activity and the adverse action were not "wholly unrelated." 197 F.3d 1337. But the *Farley* plaintiff alleged more than temporal proximity, "offer[ing] testimony about the verbal abuse and disparate work treatment he received." *Id.* If a plaintiff relies on "mere temporal proximity, without more" to establish causation, the proximity must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Courts look to specific timeframes to determine if proximity is close enough. *See id.* (collecting cases). Count II does not state any facts that allow the Court to infer very close proximity between plaintiff's protected activity and the reduction in his work hours.

Nor does Count II adequately plead other facts "tending to show causation." *See Thomas*, 506 F.3d at 1364. The Amended Complaint did add an allegation that "Defendants became hostile towards Plaintiff immediately after the protected activity."[1] Dkt. 22 ¶ 19. But like the term "shortly after" to describe temporal

---

[1] If Plaintiff is attempting to allege hostility to state a claim for retaliation based on constructive discharge, he must include facts showing that Defendants "impose[d] working conditions that [were] so intolerable that a reasonable person in the employee's position would have been

6

proximity, *id.* ¶ 12, the word "hostile" is a mere label, *see Bell Atl. Co.*, 550 U.S. at 555. Plaintiff must allege facts that raise the right to relief above the speculative level. *Id.* Accordingly, Count II fails to state a claim for FLSA retaliation because it does not adequately plead causation.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 23) is **DENIED** as to Count I and **GRANTED** as to Count II. Plaintiff may have one (1) additional opportunity to amend within twenty-one (21) days.

**DONE** and **ORDERED** at Tampa, Florida, on February 20, 2024.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record

---

compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (quotation omitted). Simply stating Defendant Vollmer was "hostile" falls below the requirements of Rule 8, because it does not give Defendants fair notice of the grounds upon which Plaintiff's claim rests. *See Bell Atl. Corp.*, 550 U.S. at 555.